Louise Hurd HILL, Plaintiff,

v.

**SHELBY COUNTY, a political subdivision of the State of Alabama, et al., Defendants.**

Civ. A. No. 84–AR–2649–S.

United States District Court,
N.D. Alabama, S.D.

Dec. 14, 1984.

Richard W. Bell, Mickey L. Johnson, Thomas Ross Roper, Bell & Johnson, Pelham, Ala., for plaintiff.

Frank C. Ellis, Jr., Wallace, Ellis, Head & Fowler, Columbiana, Ala., Carl E. Johnson, Bishop, Colvin & Johnson, Birmingham, Ala., for defendants.

## MEMORANDUM OPINION

ACKER, District Judge.

The court has for consideration the motion of defendants to dismiss plaintiff's complaint pursuant to Rule 12(b)(6), F.R. Civ.P., for failure to state a claim upon which relief can be granted. Plaintiff and defendants have filed briefs, and the court

has heard oral argument both from plaintiff and from defendants.

Plaintiff, Louise Hurd Hill, brings suit pursuant to 42 U.S.C. § 1983, claiming that defendants, acting under color of state law, have denied certain constitutional rights guaranteed her by the Fourteenth Amendment, namely, the right to "due process" and the right to "equal protection". For the purposes of ruling on defendants' motion, all allegations of the complaint must be taken as true, and plaintiff must be given the benefit of every doubt. The basic undisputed facts are:

1. Defendants, pursuant to State law, own and operate the Shelby County courthouse which was built in 1905, and which contains the law courts on the second floor. There is no elevator or other means for automatically lifting plaintiff and other members of the public to the second floor. There is a staircase.

2. Hill is presently the defendant in a civil suit pending in Shelby County. This case ordinarily would be tried on the second floor of the courthouse.

3. Hill was recently summoned for jury duty in Shelby County but did not serve.

4. The women's restroom is on the second floor of the courthouse.

5. Hill, a woman, is 68 years of age and has a lung condition which prevents her from climbing steps. She therefore finds it impossible, as a practical matter, to attend court in Shelby County or to serve on a jury if trials are held on the second floor.

During oral argument counsel for defendants made it clear both to the court and to Hill that defendants will see to it that the small claims suit in which Hill is a defendant will be arranged in a manner which will accomodate to her particular physical situation, and that she will be allowed to attend and to participate in her defense without having to climb steps. Defendants conceded that Shelby County is not equipped to accomodate jurors who have severe physical disabilities, and that the Shelby County courts routinely excuse

such persons from jury service, as do all of the State's courts.

Hill claims that once she received her summons for jury service she thereby acquired a "liberty right" actually to serve on the jury venire, and that her said right has been infringed because of non-accessibility by elevator to the courts. She also claims that as a civil litigant in the Shelby County courts, she has a "property right" and a "due process" right, and that her said rights have been infringed because of non-access to persons with her disability.

As to Hill's claim that she has been deprived of "due process" and of a "property interest", her claim is clearly without merit. If Hill had alleged that defendants refused to make a trial arena available to her for her personal defense in a meaningful and reasonable way, considering her particular disability, there arguably might be a deprivation of "due process" or of a "property right", but Hill has not alleged and cannot allege any such facts, especially when defendants have offered to cooperate to make sure that Hill's defense in the civil action pending against her can be fairly presented by her and heard by the State court. To carry Hill's argument to its logical but ludicrous conclusion would be to impose on defendants the obligation to provide unique facilities in which a civil defendant who is terminally ill in a hospital bed can defend his case in court like every other civil defendant. Unfortunately, life can be cruel, and all of its lumps cannot be ironed out by a federal court. Any ironing out here needs to be accomplished in the political realm or in a State court.

Hill bases her claim of a "property right" to the full and unencumbered access to the Shelby County courthouse upon one State constitutional provision and upon one State statute. They are:

That all courts shall be open; that every person, for any injury done to him in his lands, goods, person, or reputation, shall have a remedy by due process of law; and right and justice shall be administered without sale, denial or a delay.

Article One, § 13 Constitution of the State of Alabama of 1901.

> The blind, the visually handicapped and otherwise physically disabled shall have the same right as the able-bodied to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities and other public places.

Section 21–7–2, Code of Alabama (1975). Neither of these provisions creates any "right" cognizable under § 1983. If this court had any doubt whatsoever about the intent of the Constitutional Convention of 1901 or of the Alabama Legislature of 1975, it would certify to the Supreme Court of Alabama the question of whether or not either of these provisions provides to Hill, and to others similarly situated, the kind of "rights" which Hill claims. If such had been the intention of the draftsmen of these provisions, in a State which contains over 67 courthouses (some counties have two courthouses), and with many of the courthouses being much older than the Shelby County courthouse, the Legislature surely would have provided funding for the recognition and realization of such "rights" and would have stayed for a reasonable period of time the effective date of the implementation of such "rights" while the many counties without elevators could come into compliance. Legislative recognition of a general, salutary public policy does not, without specific intent to do so, create a state property or liberty right to be protected under § 1983. To grant the relief which Hill requests would open the federal courts to being supervisors of the State courts. It would encourage every citizen to come to federal court to seek the implementation of whatever he perceives to be a good State public policy.

■ The kind of "property right" or "liberty right" which is cognizable under § 1983 is a "right" which is shared by the citizens of all 50 states and not a "right" which is a creature of statute in one state but not in other states. To allow a "right" created by state statute to be bootstrapped into a federal right under § 1983 would be to make the "equal protection clause" into an "unequal protection clause".

■ If Hill has a "liberty right" to serve as a juror just because she has been summoned to jury service, then why should not an intelligent but blind, deaf and dumb citizen who is inadvertently summoned to jury duty have the same right? Where does practicality come into play? While the jury selection process certainly requires that jurors be picked from a cross section of the citizenry, there is no state or federal constitutional right for the infirm to serve on juries simply because accidently summoned. Hill has cited no authority for her innovative proposition. However, assuming arguendo, that by virtue of her having been summoned she has a standing to complain, she has nothing to complain about in a federal court unless and until the Congress of the United States specifically requires elevator access to all State courtrooms, jury deliberation rooms, and restrooms. The Congress has not yet seen fit to require this.

If any further proof is needed for the proposition that Congress never contemplated that § 1983 could take the expansive leap which Hill calls for, it is the fact that Congress has enacted several pieces of legislation specifically designed to remove obstacles in the way of the handicapped. If "due process" and "equal protection" and § 1983 had been designed to guarantee the absolute removal of all such obstacles and to provide upward transportation, no matter what the cost to the taxpayers, these pieces of special federal legislation would have been totally unnecessary. Congress obviously never intended to open the federal courts to Hill's type of complaint.

If, by a mighty stretch of the imagination, Hill's complaint is construed to charge defendants with what amounts to negligence, Hill then runs directly into *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), and is stopped by it.

This court takes judicial knowledge of the fact that the elevators in the federal courthouse in Jefferson County, Alabama,

in which this court sits on the third floor, do not function approximately one-half of the time. This simply means that jurors and litigants in this court are quite often one story farther away by stairway from justice than they are in Shelby County. Both literally and figuratively Hill may be denied access to the federal court. The court finds, however, that Hill is stopped at the courthouse door of this particular courthouse, and not at the elevator door.

Because Hill's complaint cannot be construed so as to state a cause of action under § 1983, defendants' motion to dismiss will be granted by separate order.